CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

September 11, 2018

LETTER TO COUNSEL:

RE: *Jennifer Overman v. Nancy A. Berryhill, Acting Commissioner of Social Security*[1]
Civil No. TJS-17-2446

Dear Counsel:

On August 25, 2017, Plaintiff Jennifer Lynn Overman ("Ms. Overman") petitioned this Court to review the Social Security Administration's final decision to deny her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). (ECF No. 1.) The parties have filed cross-motions for summary judgment. (ECF Nos. 17 & 18.) These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[2] I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Acting Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will deny both motions and remand the case for further proceedings. This letter explains my rationale.

In her applications for disability benefits, Ms. Overman alleged disability beginning on February 1, 2011, for her SSI claim (Tr. 216) and on October 10, 2013, for her DIB claim (Tr. 209, 240, 245). Her applications were denied initially and on reconsideration. (Tr. 139-56.) A hearing was held before an Administrative Law Judge ("ALJ") on July 20, 2016, (Tr. 41-86), and the ALJ found that Ms. Overman was not disabled under the Social Security Act (Tr. 20-35). The Appeals Council denied Ms. Overman's request for review (Tr. 1-6), making the ALJ's decision the final, reviewable decision of the agency.

The ALJ evaluated Ms. Overman's claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that Ms. Overman was not engaged in substantial gainful activity, and had not been engaged in substantial gainful activity since October 10, 2013. (Tr. 22.) At step two, the ALJ found that Ms. Overman suffered from the severe impairments of bipolar disorder and anxiety disorder. (Tr. 23-

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

[2] This case was originally assigned to Magistrate Judge Stephanie A. Gallagher. On July 31, 2018, the case was reassigned to me.

24.) At step three, the ALJ found that Ms. Overman's impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). (Tr. 24-26.) The ALJ determined that Ms. Overman retained the RFC

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: simple, routine tasks not at a production pace. Simple work-related decisions in a "low stress" environment. Limited to communicating simple information. Occasional contact with supervisors and co-workers. She can never interact with the public. She would be off-task 10 percent of the workday.

(Tr. 27.)

At step four, the ALJ determined that Ms. Overman was unable to perform any past relevant work. (Tr. 32-33.) At step five, relying on the testimony of a vocational expert and considering Ms. Overman's age, education, work experience, and RFC, the ALJ found that there are jobs that exist in significant numbers in the national economy that she can perform, including janitor, housekeeper, and inspector. (Tr. 34.) Therefore, the ALJ found that Ms. Overman was not disabled under the Social Security Act. (Tr. 35.)

Ms. Overman raises two arguments in this appeal. First, she argues that the ALJ's RFC determination is not supported by substantial evidence. (ECF No. 17-1 at 9-11.) Second, she argues that the ALJ posed an inadequate hypothetical to the vocational expert. (*Id.* at 12-16.) After a careful review of the ALJ's decision and the evidence in the record, I find that the ALJ did not provide an adequate explanation for the RFC finding that Ms. Overman would be "off-task 10 percent of the workday." (Tr. 27.) Because the ALJ did not adequately explain this very specific conclusion, the findings made in reliance on the RFC cannot be said to be based on substantial evidence. I decline to address Ms. Overman's second argument.

Ms. Overman argues that the ALJ "erroneously assessed [her] RFC contrary to Social Security Ruling ("SSR") 96-8p (July 2, 1996) by failing to conduct a function-by-function assessment of her ability to perform the physical and mental demands of work." (ECF No. 17-1 at 9.) Specifically, Ms. Overman argues that the ALJ "did not explain his finding that [she] would be 'off-task 10 percent of the workday.'" (*Id.*) The Acting Commissioner argues that there is substantial evidence "support[ing] the ALJ's overall assessment that limitations in [her] ability to stay on task would not prevent her from working." (ECF No. 18-1 at 5.)

Social Security Ruling 96-8p instructs that an "RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations. SSR 96-8p, 1996 WL 374184, at *1 (S.S.A. July 2, 1996). Further, the "RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Id.* at *7. An ALJ must "both identify evidence that supports his conclusion and build an accurate and logical bridge from [that] evidence to his conclusion." *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (emphasis omitted).

Here, the ALJ failed to provide an "accurate and logical bridge" between Ms. Overman's mental limitations and the RFC determination. As part of the RFC assessment, the ALJ found that Ms. Overman would be "off-task 10 percent of the workday." (Tr. 27.) The ALJ did not explain the basis for this conclusion. While the ALJ detailed a number of findings related to Ms. Overman's moderate difficulties in concentration, persistence, and pace, the ALJ did not explain why or how the percentage of time off-task was calculated. This is important because the vocational expert testified that if a hypothetical individual with abilities matching those of Ms. Overman was off-task 15 percent of the time or more, they would be "incapable of maintaining the job." (Tr. 83.) "An explanation of how the percentage of time off-task was calculated is significant, since a relatively small increase could preclude competitive employment." *Fisher v. Comm'r, Soc. Sec.*, No. RDB-17-3165, 2018 WL 3348858, at *3 (D. Md. July 9, 2018). Here, the difference between Ms. Overman being off-task 15 percent of the workday (instead of 10 percent) would have been dispositive to a finding of disability, at least to the extent that the ALJ relied on the vocational expert's testimony. Because the ALJ did not adequately explain the reason for the finding that Ms. Overman would be "off-task 10 percent of the workday," this Court is unable to meaningfully review the ALJ's decision. For this reason, remand is appropriate. The Court makes no finding as to the merits of the ALJ's ultimate conclusion that Ms. Overman is not disabled.

For the reasons set forth herein, both parties' motions for summary judgment (ECF Nos. 17 & 18) are **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405(g), the Acting Commissioner's judgment is **REVERSED IN PART** due to inadequate analysis. The case is **REMANDED** for further proceedings in accordance with this opinion. The Clerk is directed to **CLOSE** this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/
Timothy J. Sullivan
United States Magistrate Judge